People v Perrone (2025 NY Slip Op 00028)

People v Perrone

2025 NY Slip Op 00028

Decided on January 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 02, 2025

Before: Kern, J.P., Kennedy, Gesmer, Higgitt, Michael, JJ. 

Ind. No. 71491/22 Appeal No. 3380 Case No. 2023-00617 

[*1]The People of the State of New York, Respondent,
v
Louis Perrone, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Nkechi N. Erondu of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Chamoy of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Guy H. Mitchell, J.), rendered January 12, 2023, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of two years, unanimously affirmed.
Defendant's valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US , 140 S Ct 2634 [2020]), forecloses review of his challenge to the issuance of a final order of protection (see People v Key, 222 AD3d 536, 536 [1st Dept 2023], lv denied 41 NY3d 943 [2024]). In any event, his claim that his son was improperly included in the final order of protection is unpreserved, and we decline to reach it in the interest of justice. As an alternative holding, we hold the claim is without merit because, under all the circumstances, the son was properly considered a witness to his father's gun possession crime (see CPL 530.13[4][a]).
The valid waiver of appeal also forecloses review of his excessive sentence claim. In any event, we perceive no basis for reducing the sentence.
The waiver also precludes appellate consideration of his Second Amendment claim based on New York Rifle & Pistol Association v Bruen (597 US 1 [2022])(see People v Johnson, 225 AD3d 453 [1st Dept 2024], lv granted 42 NY3d 939 [2024]). As alternative holdings, we find that defendant lacked standing to raise his Second Amendment claims, which were nonmeritorious in any event (see People v Johnson, 225 AD3d at 453-455).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 2, 2025